UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
APOLINAR ACEVEDO,

           Plaintiff,

v.

URBAN MANAGEMENT LLC,; 21-25 CONVENT AVE.
REALTY LLC; 160-166 MORNINGSIDE AVE. REALTY
LLC; and JOHN SCHROEDER,

           Defendants.
------------------------------------------------------------X

Case No. 19-CV-09449 (VSB) (BM)

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Apolinar Acevedo ("Plaintiff") and Urban Management LLC; 21-25 Convent Ave. Realty LLC; 160-166 Morningside Ave. Realty LLC (collectively, "the LLC Defendants"); and John Schroeder (collectively, "Defendants"). Plaintiff and Defendants are collectively referred to in this Agreement as the "Parties."

**WHEREAS**, on October 11, 2019, Plaintiff commenced an action against Defendants (subject to a tolling agreement dated July 11, 2019), by filing a complaint (the "Complaint") in the United States District Court, Southern District of New York (the "Court") 19–CV–09449 (the "Action"), alleging, *inter alia*, that he worked for Defendants; that Defendants failed to pay him minimum wage and overtime wages in violation of Federal and New York law; that he is entitled to recover from Defendants, *inter alia*, unpaid minimum and overtime wages, statutory damages and penalties, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs (collectively, the "Claims") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL");

**WHEREAS**, Defendants deny all material allegations asserted by Plaintiff in his Complaint, deny that Plaintiff is entitled to recover damages for any Claim asserted in the Complaint, and have denied and continue to deny that they have violated any law, rule, or regulation, or committed any wrong whatsoever against Plaintiff, and argue that they paid Plaintiff all wages due;

**WHEREAS**, the Parties have exchanged information related to the Claims in this Action, such as payroll records, such that they have adequate information to assess the appropriateness of this Agreement;

**WHEREAS**, the Parties attended a settlement conference with Magistrate Judge Moses on December 14, 2021;

**WHEREAS** following the settlement conference the Parties have agreed to resolve and settle the Action and the Claims in an amicable manner without the expense of further litigation on a basis recommended by Magistrate Judge Moses;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state, and/or local law:

1. **Settlement Amount and Other Consideration**

    a. In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendant Urban Management, either directly or through its counsel, Tarter Krinsky & Drogin LLP, shall make a total payment of Sixty Thousand Dollars and Zero Cents ($60,000.00) (the "Settlement Amount").

    b. For purposes of tax withholding, $22,000 of the payment to Plaintiff shall be deemed wage income subject to IRS Tax Form W-2 and $38,000 of the payment to Plaintiff shall be deemed non-wage income in the form of alleged liquidated damages, penalties, and interest subject to IRS Tax Form 1099. Defendant Urban Management LLC shall deduct all appropriate and necessary taxes from the aforementioned wage payments pursuant to a W-4 that Plaintiff will provide to Defendant Urban Management LLC through its counsel upon the execution of this Agreement and Defendants shall pay the applicable employer's portion of the taxes due. Plaintiff shall be responsible for his share of all taxes, interest or penalties, if any, due as a result of payments made to him under this Agreement. Defendant Urban Management LLC shall provide Plaintiff with all appropriate tax withholding statements, such as W-2 and 1099 tax forms, as required by law. In the event that any taxing authority or any other federal, state or local government, administrative agency or court issues a final determination that Defendants are liable for the failure of Plaintiff to pay federal, state or local income or other taxes or withholdings with respect to any portion of the payments herein, or are liable for interest or penalties related thereto, Plaintiff agrees to reimburse and indemnify Defendants for such liability in excess of the amount of any taxes withheld with respect to any portion of the payment referred to in this Paragraph. However, Plaintiff will not be responsible for mistaken calculations concerning his W-2 payment, nor shall he be required to pay the employer's share of FICA on any amount deemed to be wages.

    c. Payments due under this Agreement shall be made so that they are received by Plaintiff's counsel, Richard Blum, Esq. of The Legal Aid Society, 199 Water Street, 3rd Floor, New York, NY 10038 by ten (10) business days after the court enters approval of this settlement.

    d. Plaintiff agrees that the payments described herein constitute the total monetary consideration to which Plaintiff is entitled under this Agreement, that Plaintiff is not entitled to any further monetary consideration whatsoever from the Defendants, and that Plaintiff will not seek any further compensation or consideration for any other claimed damages, costs, or attorneys' fees in connection with the claims asserted in the Action, or any other events or circumstances related to Plaintiff's employment with the Defendants, or the cessation of said employment, that existed or occurred prior to the execution of this Agreement. Defendants agree that Defendants

are not entitled to any monetary consideration whatsoever from Plaintiff, and that Defendants will not seek any compensation or consideration for any claimed damages, costs, or attorneys' fees in connection with the Action, or any other events or circumstances related to Plaintiff's employment with the Defendants, or the cessation of said employment, that existed or occurred prior to the execution of this Agreement.

2. **General Releases**

   a. **General Release in Favor of the Defendants.**

   For and in consideration of the payment referred to in Paragraph 1 of this Agreement, and other good and valuable consideration provided in this Agreement, the sufficiency of which is hereby acknowledged, and except for the right and obligations set forth in this Agreement, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors and assigns (collectively, the "Releasor"), hereby releases, and forever discharges Defendants and all of their respective present and former principals, officers, indemnitees, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subsidiaries, successors, assigns, heirs, executors, and administrators (collectively, the "Releasees"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, warrants, controversies, agreements, promises, damages, judgments, claims and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, foreseen or unforeseen, that the Releasor ever had, now has or shall or may have in the future against some, any or all of the Releasees, for or by reason of any act, transaction, occurrence, omission, cause, matter or thing whatsoever, up to and including the date of execution of this Agreement, including, but not limited to: (a) any and all claims regarding or arising out of the acts, transactions, occurrences or omissions which are described, alleged or contained in the Complaint in the Action; (b) any and all claims regarding or arising directly or indirectly from either Plaintiff's employment and/or association with any of the Releasees or the termination thereof or the terms and conditions or his employment and/or association with any of the Releasees; (c) any and all claims of harassment, hostile work environment or discrimination based on disability, age, race, color, national origin, ancestry, religion, marital status, sex, sexual orientation, citizenship, military service, status, or medical condition; (d) any and all claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances, or orders including, without limitation, claims under the Fair Labor Standards Act 42 U.S.C. Section 1981, 42 U.S.C. Section 1985(3), Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., the Equal Pay Act of 1963, the Rehabilitation Act of 1973, 29 U.S.C. Section 794 et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101 et seq., the New York Labor Law, the New York State Human Rights Law, N.Y. Exec. Law Section 290 et seq., the New York City Human Rights Law, N.Y.C. Admin. Code Section 8-101 et seq., the United States Constitution, the New York State Constitution, the New York City Charter, and any other federal, state or local laws; (e) any and all claims for salary, bonuses, severance pay, sick pay, incentive pay or other compensation. This release also includes a waiver and release of any and all claims related to allegations made before the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights; New York State Department of Labor and/or the New York City Commission on Human Rights, related to or arising from any transactions, acts, omissions or occurrences relating to Plaintiff's employment and the claims which were or could have been asserted in the Action, up to and including the date of this Agreement. Nothing contained in this

release shall operate to prevent Plaintiff from providing truthful information to a governmental agency. However, Plaintiff shall not be entitled to recovery of any additional damages, monetary or otherwise, as a result of any charges or proceedings that may be brought against any Defendants. Plaintiff acknowledges that this Agreement will bar recovery in any forum for any claims that are the subject matters of the waivers and releases set forth herein, and that he will neither seek nor accept any moneys for any claim or cause of action that is the subject matter of those waivers and releases. Further, subject to Paragraph 1, this Agreement shall be deemed a full accord, satisfaction and settlement of the claims settled, released, and waived herein, and shall constitute a sufficient basis for immediate dismissal of such claims.

b. **General Release in Favor of the Plaintiff**

Similarly, Defendants and the LLC Defendants' respective parent(s), subsidiaries, divisions, affiliates and other related entities, and all of their incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns and representatives voluntarily release and forever discharge Plaintiff and his heirs, executors, administrators, successors, attorneys, agents, fiduciaries, and assigns from any and all actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, warrants, controversies, agreements, promises, damages, judgements, claims, and demands (including attorneys' fees and costs) of any kind or nature whatsoever, known or unknown, discovered or undiscovered, suspected or unsuspected, foreseen or unforeseen, direct or indirect, in law or in equity ("claims") that the Defendants ever had, now has, or shall or may have in the future regarding any events that occurred from the beginning of the world through the date of the execution of this Agreement including any and all claims regarding or arising out of acts, transactions, occurrences or omissions relating to the Action.

3. **Stipulation of Dismissal**

Following the execution of this Agreement by each of the Parties, the Parties' attorneys shall present this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), which is annexed as Exhibit A, to the Court for review and approval. Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

4. **Non-Admission of Liability**

The Parties recognize and agree that Defendants, as a part of this Agreement, do not admit any violation of law or any liability to Plaintiff or to anyone else as a result of or arising out of the matters set forth in the Complaint in the Action or that could have been raised in the Action, Plaintiff's employment relationship with Defendants, Plaintiff's separation of employment with Defendants, and/or otherwise.

5. **Neutral Employment Reference**

In the event Defendants receive an employment reference request concerning Plaintiff from a prospective employer, Defendants will respond, in sum and substance, only that "Mr. Acevedo worked for Urban Management LLC from about January, 2004 to about December 4, 2018 as a

superintendent."

6. **Attorneys' Fees and Costs**

The Parties agree that each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Action.

7. **Applicable Law; Forum Selection**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to its conflicts or choice of laws principles. The Parties consent to the jurisdiction of the Court (*i.e.*, the United States District Court, Southern District of New York) for any litigation concerning or arising out of the terms of this Agreement or the Parties' performance of its terms. The Parties agree to request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement. If the Court lacks or declines to exercise jurisdiction over any such litigation, the Parties consent to the jurisdiction of the courts of the State of New York in New York County.

8. **Execution in Counterparts; Facsimile Signatures; Force and Effect**

This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

9. **Entire Agreement**

Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter set forth in this Agreement.

10. **Non-Waiver/No Modification**

This Agreement cannot be modified or changed except by a writing signed by the Parties with specific reference to this Agreement. No delay or omission by any Party in exercising any right(s) under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party who is claimed to have waived a provision.

11. **Interpretation**

    a. <u>Severability</u>. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the fullest extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

    b. <u>Captions and Headings</u>. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

12. Plaintiff understands, represents, and agrees that he:

    a. Has had carefully read to him and has fully understood all of the provisions of this Agreement;

    b. Is, through this Agreement, releasing Defendants from any and all wage and hour claims, including the Claims, that Plaintiff may have against them relating to his employment with Defendants or his separation from employment with them;

    c. Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

    d. Knowingly and voluntarily intends to be legally bound by this Agreement;

    e. Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement;

    f. Is duly authorized and has full authority to execute this Agreement; and

    g. Except as otherwise provided in this Agreement, Plaintiff agrees that the payments described in this Agreement constitute the total monetary consideration to which Plaintiff is entitled under this Agreement, that Plaintiff is not entitled to any further monetary consideration whatsoever from Defendants, that Plaintiff will assume payment of any costs, including any attorneys' fees, that Plaintiff has incurred in this matter, and that Plaintiff will not seek any further compensation or consideration for any other claimed damages, costs, or attorneys' fees in connection with the claims asserted in the Action and released herein.

Plaintiff

_____
Apolinar Acevedo

Defendants
Urban Management LLC

By: _____

Title: _____

Dated: 02/09/20

Dated: 02/09/20

21-25 Convent Ave. Realty LLC

By: _____

Title: Member

Dated: 02/09/20

160-166 Morningside Ave. Realty LLC

By: _____

Title: Member

Dated: 02/09/20

John Schroeder
_____

Dated: 02/09/20

# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
APOLINAR ACEVEDO,
                                                              Case No. 19-CV-09449 (VSB) (BM)
                    Plaintiff,

        v.

URBAN MANAGEMENT LLC,; 21-25 CONVENT AVE.
REALTY LLC; 160-166 MORNINGSIDE AVE. REALTY
LLC; and JOHN SCHROEDER,

                    Defendants.
------------------------------------------------------------X
```

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on October 11, 2019, Plaintiff filed a Complaint, which asserts claims for, *inter alia*, failure to pay minimum and overtime wages, and statutory damages and penalties under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the New York Labor Law;

**WHEREAS,** the parties reached a settlement of this action and Plaintiff's claims through arms-length negotiations at a settlement conference held on December 14, 2021, and have entered into a Settlement Agreement and General Release (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the New York Labor Law; and

9

**WHEREAS**, this Court shall retain jurisdiction solely to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice and without costs as to any party, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated: New York, New York

February 10, 2022

| | |
|---|---|
| **THE LEGAL AID SOCIETY**  *Attorneys for Plaintiff* | **TARTER KRINSKY & DROGIN, LLP**  *Attorney for Defendants* |
| By: _/s/ Richard Blum_  Richard Blum, Esq.  The Legal Aid Society  199 Water Street  New York, NY 10038  Tel.: (212) 577-3648  rblum@legal-aid.org | By: _/s/ Laurent Drogin_  Laurent Drogin, Esq.  1350 Broadway, 11th Floor  New York, NY 10018  Tel.: (212) 216–8000  ldrogin@tarterkrinsky.com |

SO ORDERED.

_____

Barbara Moses, U.S.M.J.